ORIGINAL
D+F
C|M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MAERSK SEALAND,

                              Plaintiff,

-against-

ICON WORLDWIDE, INC., and FARRAH
SHKIELI,

                              Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
Case No. 06 CV 0231 (FB) (RER)

*Appearances:*
*For the Plaintiff:*
ALBERT J. AVALLONE, ESQ.
Albert J. Avallone & Associates
551 Fifth Avenue, Suit 1701
New York, NY 10176

**BLOCK, Senior District Judge:**

    On January 19, 2006, plaintiff filed an action in admiralty, alleging that defendants failed to remit payment of $8,540.87 for carriage of goods. Because the defendants have failed to respond to the complaint or otherwise defend against this action, plaintiff moved for an entry of default, which the Clerk of the Court granted, and a judgment by default. *See* Docket No. 6. For the reasons set forth below, the Court awards default judgment.

I.

    When a party moves for judgment against an adverse party in default, the Court, in its discretion, may enter judgment against the defaulting party. *See* Fed. R. Civ.

P. 55(b)(2). Although it is clear that defendants have defaulted, a court may also consider whether the facts alleged in the complaint state a valid cause of action in determining whether a default judgment should be entered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("a district court has discretion under [Fed. R. Civ. Pro.] 55(b)(2) once a default is determined to require proof of necessary facts and need not agree that the alleged facts constitute a valid cause of action"). Having reviewed the complaint, the Court concludes that it contains sufficient factual allegations to state a valid claim of breach; accordingly, default judgment is warranted.

Plaintiff seeks damages for the liquidated amount of $8,540.87 and has provided the Court a bill of lading that shows that defendant agreed to pay that amount. Additionally, plaintiff seeks 6% per annum pre-judgment from December 15, 2005, the date on which plaintiff delivered the goods. "It is firmly established that [a]llowance of pre-judgment interest in admiralty [actions] . . . should be granted in the absence of exceptional circumstances, and that the rate of pre-judgment interest is within the broad discretion of the district court." *Mentor Ins. Co. (U.K.) Ltd. v. Brannkasse*, 996 F.2d 506, 520 (2d Cir. 1993) (internal citations and quotations omitted). Accordingly, the Court finds that an award of $8,540.87 and 6% in pre-judgment interest from December 15, 2005, is proper.

## II.

The Court awards default judgment in the amount of $8,450.87 plus 6% per annum from December 15, 2005, in pre-judgment interest.

**SO ORDERED.**

FREDERIC BLOCK
United States Senior District Judge

Brooklyn, New York
May 19, 2006